UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MARVIN G. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-194-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security[1], | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Marvin G. Williams [Record No. 12] and Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner") [Record No. 15]. The Commissioner's motion will be granted and the relief that Williams seeks will be denied for the reasons that follow.

**I.**

Williams filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") in June 2013, alleged a disability onset date of February 6, 2013. [Tr. 242] The applications were denied initially and on reconsideration. [Tr. 172, 179] Williams requested an administrative hearing, which was held on January 29, 2015, before Administrative Law Judge ("ALJ") Roger Lott. [Tr. 70-118, 194] ALJ Lott determined that

---

[1]  Nancy A. Berryhill is now the Acting Commissioner of Social Security, and is substituted as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

-1-

Williams had not been disabled from the alleged onset date through the date of his decision, May 15, 2015. [Tr. 65] The Appeals Council denied review. [Tr. 1] Williams has exhausted his administrative remedies and this case is ripe for review pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).

Williams was 47 years old on the alleged onset date of disability. [Tr. 242] He has a tenth-grade education a prior work experience as a water treatment worker, sewage disposal worker, maintenance worker, milling machine operator, janitor, supervisor, forklift operator, and lumber handler. [Tr. 307, 113] Williams alleged that he became disabled due to hypertension, heart disease, chronic obstructive pulmonary disease ("COPD"), and heart failure. [Tr. 306]

Dr. Georges Damaa began treating Williams for complaints of chest and right arm pain in August 2012. [Tr. 356-371] Dr. Damaa diagnosed Williams during the August visit with ischemia. [Tr. 358] He again saw Williams in September 2012. Following a stress test, Dr Damma reported that Williams had nonobstructive coronary artery disease. [Tr. 364] Additionally, an x-ray showed no active cardiopulmonary process with signs of chronic bronchitis. [Tr. 519] Dr. Damaa reported that Williams's lungs were clear. [Tr. 363] In October 2012, Dr. Damaa advised Williams, a daily cigarette smoker, that he should refrain from smoking. [Tr. 365] Dr. Damaa also advised Williams that he was cleared to return to normal activity. [*Id*.]

A pulmonary function study from January 2013 showed minimal obstructive lung defect and that Williams's lung volume was within the normal limits. [Tr. 420] Treatment notes from the Clover Fork Clinic in January and February 2013 indicate that Williams's lungs were clear without wheezes, rales, or rhonchi and that his breathing was not labored. [Tr. 450]

He was assessed with bronchitis and benign hypertension. [Tr. 451, 456] The Clinic's physicians saw Williams in July and August 2013 and reported that Williams continued to smoke, that his COPD was stable, and that his lungs remained clear without wheezes, rales, rhonchi. [Tr. 458-65] Williams denied any side effects from his medication during this period. [*Id*.] Later reports indicate that Williams's COPD and hypertension were controlled. [Tr. 586, 595]

Dr. Nagabhushanam Bollavaram treated Williams for shortness of breath associated with cough and wheezing in February 2014. [Tr. 514] Dr. Bollavaram noted good bilateral air entry with expiratory wheezing in all lung zones. [Tr. 516] Dr. Bollavaram advised Williams that his problems would worsen if he continued to smoke. [Tr. 518] Williams saw Dr. Bollavaram again in March and reported that his breathing symptoms had worsened. [Tr. 509] Dr. Bollavaram noted a pulmonary function study that showed moderate COPD and no hyperinflation, no restrictions, and normal diffusion. [Tr. 509-12] Dr. Bollavaram concluded that Williams did not qualify for home oxygen therapy. [*Id*.]

Williams continued to obtain treatment from the Clover Fork Clinic from September 2014 through December 2014. [Tr. 555] Williams stated during his December 2014 visit that he was satisfied with his current treatment. [*Id.*] His BMI at this time was 38.69 kg/m2. [*Id.*] Treatment notes show mild expiratory wheezes throughout the lung fields, but the claimant had normal oxygen saturation. [*Id*.] Williams denied any side effects from his medication but continued to smoke daily. [Tr. 555, 556] Treatment notes indicated that Williams's lungs were clear. [Tr. 556] Williams was prescribed an albuterol inhaler, Imdur, Neurontin, aspirin, Cozaar, Paxil, simvastatin, Daliresp, Spiriva, Symbicort, hydroxyzine, and prednisone at this time. [*Id.*]

State agency physician Dr. Delsadie Callins concluded that Williams had the Residual Functional Capacity ("RFC") to perform medium work in July 2013. [Tr. 127] Dr. Callins noted his heart disease, COPD, obesity, and degenerative disc disease, and applied various exertional limitations to reflect these conditions, such as limiting the amount of time that Williams could sit and stand or walk in an 8-hour work day, the weight that he could lift, and his ability to climb. [Tr. 124-25] However, Dr. Callins ultimately determined that Williams was not disabled. [Tr. 127]

State agency physician Dr. Donna Sadler also concluded that Williams was not disabled in October 2013. [Tr. 149] She concluded that Williams's statements regarding the severity of his symptoms were only partially credible because they were not consistent with the objective evidence. [*Id*.] For example, Williams complained of worsening breathing problems but medical records showed that his lungs were clear and his breathing was not labored. [*Id*.] She affirmed Dr. Callins's RFC finding. [Tr. 153]

Williams testified during the administrative hearing before the ALJ that he had chest pain approximately two or three times a week and that the chest pain was generally associated with exertion. [Tr. 89] He further stated that he has had increasing problems breathing that result in him "[g]etting out of breath and getting exhausted." [Tr. 90] Williams testified that he is able to drive, takes care of his own personal needs, makes some of his own meals, performs some household chores, goes grocery shopping, and socializes with a friend occasionally. [Tr. 97-103]

The vocational expert concluded that a hypothetical person of Williams's age and education level as described by the ALJ with various limitations on the ability to lift, move,

and breathe in certain environments, could not perform any of Williams's past jobs. [Tr. 114] However, that there were jobs in the national economy that Williams could perform. [*Id.*]

The ALJ found severe impairments of COPD, obesity, ischemic heart disease, and essential hypertension. [Tr. 55] However, Williams did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. [Tr. 58] The ALJ concluded that Williams had the RFC to perform light work with limitations associated with lifting, general movement, and exposure to respiratory irritants and hazards such as heights and machinery. [Tr. 58]

The ALJ next determined that Williams's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible. [Tr. 59] He noted the diagnoses of COPD, hypertension, ischemic heart disease, and obesity, and concluded that these conditions were consistent with the RFC to perform light work, but they did not justify a finding of disabling pain. [Tr. 60] The ALJ went on to discuss the medical records pertaining to each of the stated conditions, Williams's statements regarding his daily activities, and the state agency physicians' conclusion. [Tr. 59-63] The ALJ further identified various inconsistencies between Williams's assertions of disabling pain and the evidence in the record. [Tr. 62] Although Williams was not able to perform his past work, the ALJ found that there were jobs existing in significant numbers in the national economy that he could perform based on the VE's testimony. [Tr. 63-65] As a result, the ALJ determined that Williams was not disabled from the alleged onset date through the date of the decision. [Tr. 65]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental

impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the requirements of the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or a combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment that is expected to last for at least twelve months and that meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairments prevent him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

"The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

This Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ employed the proper legal standards in reaching his decision. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Williams argues that the ALJ's credibility determination is not supported by substantial evidence. Specifically, he asserts that the ALJ failed to properly assess his alleged breathing problems and that, as a result, the ALJ improperly concluded that Williams was not disabled. An ALJ may consider the credibility of the claimant when evaluating the claimant's subjective complaints. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) ("[a]n ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). The ALJ's determinations regarding a claimant's credibility are accorded significant deference "since the ALJ is charged with observing the claimant's demeanor and credibility." *Id.* (citation omitted). These findings will be upheld if they are supported by substantial evidence. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

The ALJ determined that Williams's assertions regarding the severity of his symptoms and limitations were not credible.  This determination is supported by substantial evidence.  The medical records regularly showed that Williams's COPD was stable.  [*See, e.g.*, Tr. 485-65]  Likewise, his physicians consistently noted that his lungs were clear and that he did not have wheezes, rales, rhonchi, or labored breathing.  [*See, e.g.*, Tr. 450]  Dr. Bollavaram concluded that Williams's condition was not so severe as to necessitate home oxygen therapy.  [Tr. 509-12]

Williams's daily activities also support the ALJ's conclusion that Williams was capable of performing light work, and undermine his assertions that he is disabled.  Williams testified that he is able to drive, takes care of his own person needs, prepares meals, performs some household chores, goes grocery shopping, and socializes with a friend occasionally.  [Tr. 97-103]  Additionally, physicians repeatedly reported that Williams was smoking a substantial number of cigarettes daily, and that they had advised him to refrain from doing so.  [*See, e.g.*, Tr. 365]  Finally, the state agency physicians determined that Williams is capable of performing medium exertion work, despite his conditions, because his subjective complaints regarding his ability to breathe were not supported by the objective medical evidence.  [Tr. 149, 153][2]

Williams also makes the conclusory assertion that the ALJ's determination is not supported by substantial evidence.  However, he does not expand on this argument, other than to recite the standard of review and to reiterate that he suffers from COPD, obesity, ischemic

---

[2]   Williams in incorrect in his assertion that the ALJ failed to appropriately consider all relevant evidence.  The ALJ discusses the medical record at length, and specifically addressed each of the conditions that Williams claimed renders him disabled.

heart disease, and hypertension. Accordingly, this issue is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

But even if the substantial evidence argument had been properly raised, it would be rejected as being without meritless. For the reasons previously discussed, substantial evidence supports the ALJ's determination. The ALJ thoroughly considered each of Williams's conditions, and reasoned that they did not prevent him from being able to perform light work. This conclusion is supported by the previously-discussed medical record and Williams's own reports of his daily activities. Williams fails to identify any portion of the record that would establish that he is unable to perform light work.

## IV.

The ALJ's credibility determination is supported by substantial evidence. Likewise, the ALJ's determination that Williams is not disabled is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. The Commissioner's Motion for Summary Judgment [Record No. 15] is **GRANTED**.

2. The Plaintiff's Motion for Summary Judgment [Record No. 12] is **DENIED**.

This 10th day of April, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge